UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **JESSE CLARK** | * | **CIVIL ACTION NO.  10-0378** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **OUACHITA PARISH SCHOOL BOARD** | * | **MAG. JUDGE KAREN L. HAYES** |

## MEMORANDUM ORDER

Before the court are motions to proceed in forma pauperis and for court appointed counsel filed by pro se plaintiff, Jesse Clark.  [doc. #s 2 & 3].  For reasons assigned below, the motions are **DENIED**.[1]

On March 5, 2010, plaintiff filed the above-captioned suit for damages pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*.[2]  In conjunction with his complaint, plaintiff filed the instant motions to proceed in forma pauperis and for appointment of counsel.  Under Title VII, Congress has specifically authorized courts to appoint counsel and to allow plaintiffs to proceed without payment of fees: "[u]pon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees,

---

[1] As these motions are not excepted within 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this order is issued under the authority thereof, and in accordance with the standing order of this court.  Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

[2] Plaintiff alleges that he was subjected to unlawful discrimination and discharged on the basis of race.

costs, or security." 42 U.S.C. § 2000e-5(f)(1).

**a)** **Application to Proceed In Forma Pauperis**

The decision to permit or deny an application to proceed in forma pauperis lies within the sound discretion of the court. *Meerza v. Aegis Communications Group, Inc.*, 2002 WL 1119082 (N.D. Tex. May 29, 2002) (citing *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir.1988)).[3] The court should consider whether payment of the filing fee will cause the petitioner "financial hardship." *Id*. "This entails a review of other demands on individual plaintiffs' resources, including whether the expenses are discretionary or mandatory." *Id*.

In this case, plaintiff's application reveals that although he is currently unemployed, his spouse earns $880 per month and that plaintiff received an undisclosed sum in unemployment benefits within the past 12 months. Furthermore, plaintiff's itemized monthly living expenses total only $527. The difference between plaintiff's stated monthly household income and his living expenses demonstrates significant room for discretionary spending. Plaintiff's application does not establish that he will suffer financial hardship if he is required to pay the court filing fee – especially if the court affords him some time to save the necessary funds.

Accordingly, plaintiff's motion to proceed in forma pauperis [doc. # 2] is hereby DENIED. Plaintiff is afforded until June 30, 2010, to remit the $350.00 filing fee to the Clerk of Court. His un-excused failure to do so, will result in dismissal of the case.

---

[3] *Prows* addressed an in forma pauperis application under 28 U.S.C. § 1915. *Prows, supra*. Nonetheless, the Fifth Circuit has emphasized the similarity between § 1915 and § 2000e-5(f)(1). *Washington v. Patlis*, 916 F.2d 1036, 1040 (5th Cir. 1990); *see also, Barnes v. Dept. of Defense*, 2007 WL 840508 (W.D. Tex. Mar. 13, 2007) (applied the § 1915 standard to in forma pauperis application filed under § 2000e-5(f)(1)).

    **b)**    <u>**Motion for Appointment of Counsel**</u>

The Fifth Circuit has delineated three factors for the district courts to consider when determining whether to appoint counsel in a Title VII case. *Neal v. IAM Local Lodge 2386*, 722 F.2d 247, 250 (5th Cir. 1984); *Gonzales v. Carlin*, 907 F.2d 573, 580 (5th Cir. 1990). They include: the merits of plaintiff's discrimination claims; the efforts taken by plaintiff to retain counsel; and plaintiff's financial ability to retain counsel. *Id*. In addition, a claimant's ability to represent himself may be considered as a factor weighing against the appointment of counsel. *See Oviedo v. Lowe's Home Improvement, Inc.*, 184 Fed. Appx. 411 (5th Cir. Jun. 7, 2006) (unpubl.) (upholding district court's consideration of this factor in denying appointment of counsel).

Applying the foregoing considerations here, the undersigned observes that plaintiff's complaint itself does not enable the court to assess his ultimate likelihood of success. However, attached to plaintiff's complaint is a copy of the Equal Employment Opportunity Commission's ("EEOC") right to sue notice which indicated that, pursuant to the information obtained by the EEOC during its investigation, the agency was unable to establish any statutory violations. (Dismissal and Notice of Rights; Compl. Exh.). While by no means dispositive, the EEOC's determination is "highly probative" of the merits of plaintiff's case. *Gonzales*, 907 F.2d at 580 (citation omitted).

Moreover, although plaintiff does not appear financially able to satisfy any meaningful retainer, he has contacted but two prospective attorneys. Plaintiff's minimal effort demonstrates a lack of diligence on his behalf. There is no indication that he was willing to be flexible with payment options or that he even had offered prospective counsel a contingency fee. Any attorney

who would be appointed to aid a civil rights plaintiff would not be paid by the government for his or her services.[4] The attorney would be performing *pro bono* work if the plaintiff could not pay him or her.

Finally, there is every reason to believe that plaintiff can adequately represent himself in this matter. Thus far, he appears to have successfully navigated the administrative exhaustion requirements prior to filing suit. His complaint also suggests that he has taken higher learning classes and was working as a "paraprofessional." The court further notes that plaintiff possesses first hand knowledge of the facts which form the basis of this action and needs no assistance in recounting those facts to the court. There is no indication that plaintiff is incapable of conducting a spirited cross-examination should underlying, relevant facts become controverted.

Accordingly, upon consideration of the relevant factors and the instant record, plaintiff's motion for appointment of counsel [doc. # 3] is hereby DENIED.[5]

IT IS SO ORDERED.

THUS DONE AND SIGNED in Chambers at Monroe, Louisiana, this 18th day of March 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

[4] Although should plaintiff prevail, he may be able to recover attorney's fees from the losing party.

[5] Plaintiff may seek a lawyer referral from Scotty Lowery, the 2010 President of the 4th Judicial Bar Association (Ouachita and Morehouse Parishes). His telephone number is (318) 281-4913. Additionally, the Shreveport Bar Association maintains a lawyer referral service to assist the public in obtaining legal services. Their contact number is 318-222-3643. The Shreveport Bar Association also maintains a webpage for its lawyer referral service: http://www.shreveportbar.com/referral.asp.